1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9  BEAMAN KOLB,

CASE NO. 3:15-cv-05640-RJB

10
   Plaintiff,
11    v.

ORDER GRANTING MOTION TO
DISMISS AND DENYING MOTION TO
STAY DISCOVERY PENDING
RESOLUTION OF MOTION TO
DISMISS

LEWIS COUNTY COMMUNITY HEALTH
12 SERVICES, a not for profit Washington
   Corporation, D/B/A VALLEY VIEW
13 HEALTH CENTER CENTRALIA WALK-IN
   CLINIC; WILLIAM MILLAR, P.A., and
14 JANE DOE MILLAR, husband and wife; and
   Healthcare Providers JANE and JOHN DOES
15 1-10; and THE UNITED STATES OF
   AMERICA,
16
                                  Defendants.
17

18      This matter comes before on a Motion to Dismiss and related Motion to Stay Discovery

19 Pending Resolution of the Motion to Dismiss filed by Defendant United States of America. Dkt. 7;

20 Dkt. 9. Defendant United States of America has substituted itself for Lewis County Community

21 Health Services and William Millar, the only two defendants named in the Complaint (except for

22 Jane and John Does, who were not served). Dkt. 6.  *See* Dkt. 1-2, at 4. Plaintiff did not respond to the

23 motion. The Court has reviewed Defendant's motion and the remainder of the file herein.

24

Order Granting Motion To Dismiss
 -1

1    Plaintiff filed a Complaint for Medical Negligence in Lewis County Superior Court on or
2 about March 11, 2015. Dkt. 1-2. The Complaint was later removed to this Court by Defendant on
3 September 2, 2015. Dkt. 1.

4    According to Plaintiff, the United States Department of Health and Human Services
5 ("DHHS") maintains a computerized database that records all administrative tort claims filed with
6 DHHS that are eligible for Federal Tort Claims Act ("FTCA") malpractice claim coverage. Dkt. 7, at
7 2. The DHHS database includes claims filed against Lewis County Community Health Services or
8 its employees. *Id*. Furthermore, according to Plaintiff, there is no record of any administrative tort
9 claim filed by Plaintiff in relation to Lewis County Community Health Services. *Id*. *See* Dkt. 8-2, at
10 2, 3. Plaintiff did not respond to Defendant's representations about DHHS' administrative record—
11 or lack thereof— which Defendant has substantiated through sworn declarations. *Id*.

12   All actions against the United States for damages resulting from government negligence must
13 be brought under the FTCA, 28 U.S.C. §§ 2671-2680, which requires exhaustion of administrative
14 remedies prior to filing. § 2675(a). The FTCA requires that to institute a claim against the United
15 States for negligence "the claimant shall have first presented the claim to the appropriate Federal
16 agency and his claim shall have been finally denied by the agency in writing and sent by certified or
17 registered mail." *Id*. If a Federal agency ignores a claim for at least six months, that is also
18 considered a denial of a claim. *Id*.

19   In this case, Defendant represents that there is no record of any administrative claim. Dkt. 7,
20 at 3; Dkt. 8-3, at 2, 3. Plaintiff does not allege that he ever filed an administrative claim. *See* Dkt. 1-
21 2. Therefore, on the basis that Plaintiff fails to allege that he exhausted his administrative remedies,
22 Plaintiff has failed to state a claim for negligence. Fed. R. Civ. P. 12(b)(6). *See* § 2675(a).
23 Defendant's motion should be granted.
24

Order Granting Motion To Dismiss
-2

1
2                                           * * *
3       Defendant's Motion to Dismiss (Dkt. 7) is GRANTED.
4       Defendant's Motion to Stay Discovery Pending Resolution of Motion to Dismiss (Dkt. 9) is
5 DENIED AS MOOT.
6       The case is now closed.
7       IT IS SO ORDERED.
8       DATED this 7th day of October, 2015.
9
10
                                    _____
11                                  ROBERT J. BRYAN
12                                  United States District Judge
13
14
15
16
17
18
19
20
21
22
23
24
Order Granting Motion To Dismiss
 -3